Michael S. Greenberg (Bar No. 99727)
Ryan M. Buschell (Bar No. 271509)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  mgreenberg@cov.com
Email:  rbuschell@cov.com

Richard D. Shively (Bar No. 104895)
LAW OFFICES OF RICHARD D. SHIVELY
2861 Pennyroyal Drive
Chico, CA 95928
Telephone: + 1 (650) 219-1008
Email:  rshively.1982@gmail.com

Attorneys for Defendants and Counter-Claimants

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA<br><br>       Plaintiffs and Counter-Defendants,<br><br>       v.<br><br>MATSON TERMINALS, INC., and MATSON NAVIGATION COMPANY, INC.<br><br>       Defendants and Counter-Claimants. | Civil Case No.: 3:14-cv-01972-LB<br><br>**MATSON'S ANSWER AND COUNTERCLAIMS**<br><br>**(Jury Trial Demanded)** |

# MATSON DEFENDANTS' ANSWER

Defendants Matson Terminals, Inc. and Matson Navigation Company, Inc. (collectively, "Matson"), by and through their undersigned attorneys, hereby respond as follows to the allegations in the Complaint, filed against them in this action by Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America (hereinafter, "INA").

## NATURE OF THIS ACTION

1. Matson admits the allegation that it is insured under an excess workers compensation policy issued by the Insurance Company of North America (the "INA Policy"). The remainder of Paragraph 1 of the Complaint sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 1 is determined to contain any other factual allegations to which a response is required, they are denied.

2. Matson admits that it seeks recovery under the INA Policy of amounts related to the former Matson employees injured during the INA policy period, and that each of those employees was at some point placed into the Special Fund. The legal assertions contained in Paragraph 2 of the Complaint do not warrant a response. To the extent that Paragraph 2 is determined to contain any other factual allegations to which a response is required, other than those that are admitted above, they are denied.

3. Matson admits that INA seeks the relief referenced in Paragraph 3. Except as thus admitted, Matson denies the allegations of Paragraph 3.

## THE PARTIES

4. Matson lacks information sufficient to enable it to respond to the allegations of Paragraph 4, and on that basis they are denied.

5. Matson lacks information sufficient to enable it to respond to the allegations of Paragraph 5, and on that basis they are denied.

6. Matson admits that it is a Hawaii corporation with a corporate office located at 555 12th Street, Oakland, California 94607, and that at the time the INA Policy was issued to Matson, Matson was a California corporation with its headquarters and principal place of business in San Francisco, California. The last sentence of Paragraph 6 is a legal assertion that does not warrant a response. To the

extent that Paragraph 6 is determined to contain any other factual allegations to which a response is required, they are denied.

**JURISDICTION**

7.      Admitted.

8.      Admitted.

**INTRADISTRICT ASSIGNMENT/VENUE**

9.      Admitted.

10.      Admitted.

**PROCEDURAL HISTORY**

11.      Matson admits that it filed a Petition to compel arbitration on December 2, 2013. That Petition speaks for itself. To the extent paragraph 11 alleges facts inconsistent with the contents of that Petition, those allegations are denied.

12.      Paragraph 12 of the Complaint sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 12 is determined to contain any legal or factual allegations to which a response is required, they are denied.

13.      Admitted.

14.      Matson admits that INA's Central District Complaint sought to avoid INA's obligation to provide insurance coverage for Matson's claims. The contents of the Complaint referenced in Paragraph 14 speaks for itself. To the extent Paragraph 14 alleges facts inconsistent with the contents of that Complaint, those allegations are denied.

15.      Admitted.

16.      Matson admits that it moved to dismiss, stay, or transfer the Complaint referenced in Paragraph 13. The contents of Matson's motion speaks for itself. To the extent paragraph 16 alleges facts inconsistent with its contents, those allegations are denied.

17.      Matson admits that the Hon. Laurel Beeler issued on Order on March 21, 2014 denying Matson's Petition. That Order speaks for itself. To the extent paragraph 17 alleges facts inconsistent with that Order's contents, those allegations are denied.

18.     Matson admits that Judge Otero issued on Order on April 10, 2014.  That Order speaks for itself.  To the extent paragraph 18 alleges facts inconsistent with that Order's contents, those allegations are denied.

19.     The Order referenced in Paragraph 19 speaks for itself.  To the extent paragraph 19 alleges facts inconsistent with that Order's contents, those allegations are denied.

20.     This Paragraph does not allege any facts to which a response is warranted.  To the extent that it does, Matson lacks knowledge or information sufficient to form a belief as to INA's intentions.

## FACTUAL BACKGROUND

21.     Matson admits that it provides, among other services, ocean shipping and multimodal transportation services to the North American Market.

22.     Matson admits that it was a "self-insured employer" as defined by the LHWCA during the INA policy period.  To the extent that Paragraph 22 is determined to contain any additional factual allegations to which a response is required, or to cover all times from the INA Policy period to the present, they are denied.

23.     The legal assertions contained in Paragraph 23 of the Complaint do not warrant a response.  The LHWCA speaks for itself.  To the extent Paragraph 23 alleges facts or legal conclusions inconsistent with the LHWCA, those allegations are denied.

24.     The legal assertions contained in Paragraph 24 of the Complaint do not warrant a response.  The LHWCA speaks for itself.  To the extent Paragraph 24 alleges facts or legal conclusions inconsistent with the LHWCA, those allegations are denied.

25.     Admitted as to the period of the INA Policy.  To the extent that the allegation goes beyond that period, to encompass any and all times, the allegation is denied.

26.     Matson admits that it purchased excess workmen's compensation insurance from INA, and that what appears to be a true and correct copy of the policy issued by INA is attached to INA's Complaint as Exhibit A.  The policy speaks for itself.  To the extent that Paragraph 26 is determined to contain any additional factual allegations to which a response is required, they are denied.

27.     Matson admits that the INA policy, originally issued for the period January 1, 1980 to January 1, 1981, includes an endorsement providing coverage for the period January 1, 1981 to January 1, 1982.  Except as admitted, Matson denies this Paragraph.

28.     Matson admits that the Policy includes a $250,000 Retained Limit.  The Policy referenced in Paragraph 28 speaks for itself.  To the extent Paragraph 28 asserts legal conclusions, no response is warranted.  To the extent it alleges facts inconsistent with the contents of that policy, or beyond what Matson has expressly admitted, those allegations are denied.

29.     The Policy referenced in Paragraph 29 speaks for itself.  To the extent Paragraph 29 asserts legal conclusions, no response is warranted.  Matson admits that the Policy includes the indented, excerpted language.  Except as expressly admitted, Matson denies the allegations of Paragraph 29.

30.     The Policy referenced in Paragraph 30 speaks for itself.  To the extent Paragraph 30 asserts legal conclusions, no response is warranted. Matson admits that the Policy includes the indented, excerpted language.  Except as expressly admitted, Matson denies the allegations of Paragraph 30.

31.     The Policy referenced in Paragraph 31 speaks for itself.  To the extent Paragraph 31 asserts legal conclusions, no response is warranted.  Matson admits that the Policy includes the indented, excerpted language.  Except as expressly admitted, Matson denies the allegations of Paragraph 31.

32.     The Policy referenced in Paragraph 32 speaks for itself.  To the extent that Paragraph 32 asserts legal conclusions, no response is warranted.  Matson admits that the Policy contains an Endorsement 6.  To the extent Paragraph 32 alleges facts inconsistent with the contents of that policy, or purports to characterize the endorsement by paraphrasing or reciting selective excerpts, those allegations are denied.  Except as expressly admitted, the allegations of Paragraph 32 are denied.

33.     Paragraph 33 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 33 is determined to contain any factual allegations to which a response is required, they are denied.

34.     Paragraph 34 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 34 is determined to contain any factual allegations to which a response is required, they are denied.

35.      Paragraph 35 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 35 is determined to contain any factual allegations to which a response is required, they are denied.

36.      Paragraph 36 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 36 is determined to contain any factual allegations to which a response is required, they are denied.

37.      Paragraph 37 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 37 is determined to contain any factual allegations to which a response is required, they are denied.

38.      Paragraph 38 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 38 is determined to contain any factual allegations to which a response is required, they are denied.  Matson specifically denies that Special Fund Assessments are "administrative charges."

39.      Paragraph 39 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 39 is determined to contain any factual allegations to which a response is required, they are denied.

40.      Paragraph 40 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 40 is determined to contain any factual allegations to which a response is required, they are denied.

41.      Paragraph 41 of the Complaint sets forth a legal assertion that does not warrant a response.  The LHWCA speaks for itself.  To the extent that Paragraph 41 is determined to contain any factual allegations to which a response is required, they are denied.

42.      Paragraph 42 of the Complaint sets forth legal assertions that do not warrant a response.  To the extent that Paragraph 42 is determined to contain any factual allegations to which a response is required, they are denied.  Matson specifically denies INA's characterization of the Special Fund Assessments and the law.

43.      Matson admits that Philip L. Pillsbury, Jr. and Richard D. Shively sent a letter to Kathleen McCreary on August 6, 2013 demanding payment under the INA Policy with respect to loss

and compensation that Matson paid that is covered by the INA Policy, and that Exhibit B to Century's Complaint appears to be a true and correct copy of portions of that letter. The contents of that letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 43 are denied.

44. Matson admits that the August 6, 2013 letter demanded that INA reimburse Matson for amounts of loss and compensation that Matson paid that is covered under the INA Policy with respect to 13 Claimants injured during the period of the INA Policy (and that Matson has not withdrawn its claim with respect to Randolph Kim-seu). The contents of that letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 44 are denied.

45. Matson admits that the August 6, 2013 letter demanded that INA reimburse Matson for amounts of loss and compensation that Matson paid that is covered under the INA Policy with respect to Claimants injured during the period of the INA Policy. The contents of that letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 45 are denied.

46. Matson admits upon information and belief that eight of the thirteen former Matson employees injured during the INA policy period are deceased. The contents of that letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as

Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 46 are denied.

47. Matson admits that it continues to pay loss and compensation for five former Matson employees injured during the INA policy period through the LHWCA Special Fund, and may continue to incur additional future losses covered by the INA Policy. Matson continues to evaluate the precise extent of the loss and compensation to which it is entitled under the INA Policy. To the extent that Paragraph 47 is determined to contain any additional factual allegations to which a response is required, they are denied.

48. Matson admits that it alleges that INA is obligated to reimburse Matson for all loss and compensation Matson has paid with respect to former employees of Matson that are in excess of the $250,000 Retained Limit of the INA Policy, including payments Matson made outside of the LHWCA Special Fund and loss and compensation that Matson has and continues to pay to former Matson employees through the LHWCA Special Fund. The contents of the August 6, 2013 letter, which includes legal argument, speaks for itself. Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and what INA calls the Demand should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 48 are denied.

49. Paragraph 49 of the Complaint sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 49 is determined to contain any factual allegations to which a response is required, they are denied.

50. Paragraph 50 of the Complaint sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 50 is determined to contain any factual allegations to which a response is required, they are denied.

51. The contents of the August 6, 2013 letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases

for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 51 are denied.

52. The contents of the August 6, 2013 letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 52 are denied.

53. The contents of the August 6, 2013 letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 53 are denied.

54. Matson admits that Philip L. Pillsbury, Jr. and Richard D. Shively sent a letter to Kathleen McCreary on August 30, 2013 demanding payment under the INA Policy with respect to loss and compensation that Matson paid that is covered by the INA Policy, and that Exhibit C to INA's Complaint appears to be a true and correct copy of portions of that letter. The contents of that letter, which includes legal argument, speaks for itself. After sending that letter, Matson has and continues to investigate and evaluate the precise extent and timing of the loss and compensation to which it is entitled under the INA Policy, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law. Except as expressly admitted, the allegations of Paragraph 54 are denied.

55. Matson admits that Ray Wong on behalf of INA sent a letter dated October 7, 2013, and that the letter attached to INA's Complaint as Exhibit D appears to be a true and correct copy of that letter. The contents of the October 7, 2013 letter speaks for itself. To the extent Paragraph 55 alleges facts inconsistent with the contents of that letter, those allegations are denied.

56. Matson admits that INA first denied Matson's demand for coverage in the October 7, 2013 letter, the content of which speaks for itself.

57.     Paragraph 57 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 57 is determined to contain any factual allegations to which a response is required, they are denied.

58.     Paragraph 58 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 58 is determined to contain any factual allegations to which a response is required, they are denied.

59.     Paragraph 59 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 59 is determined to contain any factual allegations to which a response is required, they are denied.

60.     Paragraph 60 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 60 is determined to contain any factual allegations to which a response is required, they are denied.

61.     Paragraph 61 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 61 is determined to contain any factual allegations to which a response is required, they are denied.

62.     Paragraph 62 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 62 is determined to contain any factual allegations to which a response is required, they are denied.

63.     The contents of the referenced letter (Attachment B to INA's Complaint, which INA labels "The Demand"), which includes legal argument, speaks for itself.  Matson has and continues to evaluate the precise extent of the loss and compensation to which it is entitled under the INA Policy, the dates when Matson's loss related to each former employee exceeded the Retained Limit, and the legal bases for its recovery, and that letter should not be construed as Matson's definitive position as to the claim or the law.  Moreover, Attachment B to INA's Complaint, does not contain any attachments that establish the facts alleged in Paragraph 54, including subparagraphs (a) through (m), and on that basis Matson denies such allegations.

64.     Paragraph 64 of the Complaint sets forth a legal assertion that does not warrant a response.  To the extent that Paragraph 64 is determined to contain any factual allegations to which a

response is required, they are denied. The statute of limitations did not accrue until INA denied Matson's claim for coverage, which occurred within the four year statute of limitations period; and under no circumstances would the statute of limitations bar all coverage for Matson's claim under the INA Policy, as Matson made its loss and compensation payments over time, and has and continues to pay covered loss and compensation, and it appears that it will continue to do so in the future.

## COUNT I

65. Matson repeats and incorporates by reference their answers to the preceding paragraphs as if fully set forth herein.

66. Matson admits that INA seeks the relief referenced in Paragraph 66. Except as expressly admitted, Matson denies the allegations of Paragraph 66.

67. Matson admits that INA is raising the legal contentions set forth in Paragraph 67. Except as expressly admitted, Matson denies the allegations of Paragraph 67.

68. Matson admits that INA is raising the legal contentions set forth in Paragraph 68. Except as expressly admitted, Matson denies the allegations of Paragraph 68.

69. Matson admits that INA is raising the contentions set forth in Paragraph 69. Except as expressly admitted, Matson denies the allegations of Paragraph 69.

70. Matson admits that INA seeks the relief reference in Paragraph 70. Except as expressly admitted, Matson denies the allegations of Paragraph 70.

## COUNT II

71. Matson repeats and incorporates by reference their answers to the preceding paragraphs as if fully set forth herein.

72. Matson admits that INA seeks the relief referenced in Paragraph 72. Except as expressly admitted, Matson denies the allegations of Paragraph 72.

73. Paragraph 73 does not present an allegation about the facts underlying Matson's coverage claim, but rather states a legal conclusion concerning the application of Endorsement No. 6, to which no response is required. To the extent that INA is seeking discovery of Matson's legal theories, or what, to INA, Matson "seems to believe," that is not appropriate for a Complaint.

74.     Matson admits that INA has taken the position that Endorsement No. 6 cannot be invoked at this time.  To the extent that Paragraph 74 is determined to contain any factual allegations to which a response is required, they are denied.

## PRAYER FOR RELIEF

Matson denies each and every allegation contained in the Prayer For Relief and specifically deny that INA is entitled to relief or judgment against Matson as alleged, or to any declaratory relief at the present time.

## MATSON'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

INA's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims in INA's Complaint are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense

The claims in INA's Complaint are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

The claims in INA's Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

The claims in INA's Complaint are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

The claims in INA's Complaint are barred, in whole or in part, because the allegations of the Coverage Claims are within the terms of coverage provided under the INA Policy, and not otherwise excluded therefrom.

### Seventh Affirmative Defense

Matson reserves the right to assert any other defenses that may be or become available during these proceedings, as discovery proceeds, or at trial, or otherwise in this case.

## MATSON'S COUNTERCLAIM

Counter-Claimants Matson Terminals, Inc., and Matson Navigation Company, Inc. (collectively, "Matson"), by and through their undersigned attorneys, hereby submit this Counterclaim against Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company Of North America (hereinafter, "INA").

### NATURE OF ACTION

1.     This Counterclaim seeks declaratory relief and money damages arising from the INA's breaches and/or anticipatory breaches of its contractual obligations to provide liability insurance coverage to Matson.

### JURISDICTION AND VENUE

2.     This Court has diversity jurisdiction of the action pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

4.     Counter-Claimant Matson is a corporation incorporated under the laws of the State of Hawaii, and having a corporate office in Oakland, California.  Matson is licensed to, and does, conduct business in California.  At the time of issuance of the INA Policy that is the subject of this Counterclaim, Matson was a California corporation with its headquarters and principal place of business in San Francisco, California.

5.     Upon information and belief, Counter-Defendant INA is, and at all times relevant hereto was, a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

### GENERAL ALLEGATIONS

6.     In 1980, INA issued an Excess Workmen's Compensation and Employer's Liability Policy (the "INA Policy") to Matson.  A true and correct copy of the INA Policy is attached to this Counterclaim as **Exhibit 1**.

7.     The following thirteen former Matson employees were injured during the policy period of the INA Policy while employed by Matson: Homer Catt, Rudy Ceballos, Joe Comparsi, Benjamin Duvauchelle, Hyam Ganish, Norman E. Hutchins, Lyle Hyde, Randolph Kim-seu, Alfred Musumeci, Harry Perry, Henry Randolph, Walter E. Stayart and Elijah West.

8.     Each of those thirteen employees was determined to be permanently disabled.

9.     By order of an administrative law judge, Matson was found liable for compensation benefits to each of the thirteen former employees under the Longshore and Harbor Workers Compensation Act (the "LHWCA"). Also by order of an administrative law judge, all thirteen former employees were enrolled in the LHWCA Special Fund.

10.    The Special Fund created by and under the LHWCA is a vehicle through which some injured workers covered by the LHWCA receive some of their workers compensation benefits for which their employer is liable.

11.    Each of the thirteen former Matson employees have received compensation and other workers compensation benefits directly from Matson, and have also received payments of compensation from Matson through the Special Fund.

12.    Upon information and belief, five of the thirteen former employees referenced in Paragraph 7 continue to receive payments of compensation from the Special Fund: Joe Comparsi, Hyam Ganish, Norman E. Hutchens, Harry Perry, and Henry Randolph.

13.    The payments made to enrollees through the Special Fund are financed by assessments levied on self-insured employers and authorized insurers; no money or property of the United States is used to pay compensation to injured workers enrolled in the Special Fund.

14.    As a result of the administrative law judges' orders enrolling Matson's thirteen former employees in the Special Fund, and to satisfy losses for which Matson was and remains legally obligated because of the LHWCA and such orders, Matson has been legally required to make payments of compensation into the Special Fund through assessments, in order to fund payments to Matson's former employees.

15. Special Fund assessments are calculated according to a formula that ties the amount of assessments to the amount of compensation the Special Fund disburses to participating former employees of the self-insured employer.

16. None of the monies paid into the Special Fund as assessments are the money or property of the United States. Instead, they are held in trust by the Treasurer of the United States for disbursement to persons entitled to compensation under the LHWCA.

17. The money that self-insured employers pay to Special Fund enrollees through the Special Fund constitutes compensation under the LHWCA and covered loss under the INA Policy.

18. As the result of Matson's thirteen former employees being enrolled in the Special Fund by the administrative law judge orders, Matson has paid millions of dollars of loss and compensation with respect to these thirteen former employees in the form of increased semiannual Special Fund assessments.

19. With respect to each of Matson's thirteen former employees, Matson's direct payments to such employees and its payments of compensation through increased Special Fund assessments are in excess of the $250,000 retained limit of the INA Policy, and exceed the jurisdictional requirements of this Court.

20. Matson continues to pay semiannual Special Fund assessments, which are substantially increased because of the Special Fund disbursements that continue to be made to the five former Matson employees referenced in Paragraph 7.

21. Matson has demanded that INA reimburse Matson for Matson's loss in excess of the retained limit, including but not limited to in 2013.

22. INA has denied coverage for Matson's claim and has refused to reimburse Matson for any part of its covered loss under the INA Policy.

## FIRST COUNTERCLAIM

### Breach of Contract

23. Matson incorporates the preceding paragraphs as if stated fully stated herein.

24. Matson is insured, and INA is the insurer, under the INA Policy.

25. The INA Policy broadly protects Matson against "loss" as a result of injury to an employee that Matson may sustain because of compensation or other benefits required of Matson by the workers' compensation laws, including the LHWCA.

26. The injuries to the thirteen former employees referenced above fall within the broad coverage provided by the INA Policy, which includes its preprinted form and endorsements 1 through 10, and Matson's losses with respect to these thirteen former employees are covered by the INA Policy.

27. Matson has paid the premium for the INA Policy, has satisfied all of the terms and conditions for coverage of the amounts Matson seeks in this action, and has performed all its duties and obligations under the Policy with respect to that claim. In the alternative, if Matson is found not to have complied with all terms and conditions of the Policy, compliance with such terms and conditions has been excused or waived by INA, and/or INA is estopped or barred by its own breaches of the INA Policy, or is otherwise unable under the law to rely on such terms and conditions to deny coverage for Matson's claim.

28. INA has breached its express duties and obligations under the INA Policy by, among other things, not paying the claim and by denying coverage for Matson's loss.

29. Matson has suffered damages from INA's breaches of contract in an amount to be determined at trial.

## SECOND COUNTERCLAIM

### Declaratory Relief

30. Matson incorporates the preceding paragraphs as if stated fully stated herein.

31. Matson continues to incur additional "loss" under the INA Policy as the result of being legally required to pay increased Special Fund assessments on a semiannual basis because of the payments from the Fund to former Matson employees injured during the INA Policy Period.

32. Matson seeks a declaration from this Court that future compensation that Matson must pay in increased Special Fund assessments because of those amounts are covered by the INA Policy.

33. INA has moved for declaratory judgment on this issue, requesting the Court find that Matson's increased Special Fund assessment payments are not covered by the INA Policy.

34. Accordingly, there is an actual controversy that is suitable for declaratory relief.

# PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Matson, respectfully requests and prays for the following relief:

A.     On the First Counterclaim, for compensatory damages against INA in an amount sufficient to make Matson whole with respect to INA's breach of its contractual obligations under the INA Policy, according to proof at trial, together with prejudgment interest.

B.     On the Second Counterclaim, for a declaration that INA is obligated to reimburse Matson for the amount of compensation Matson will pay in increased Special Fund assessments because of disbursements made to the five living former Matson employees injured during the INA policy period.

C.     For costs of suit and attorney's fees, as allowed by law.

D.     For such other relief as the Court deems just and proper.


Dated:  September 12, 2014                    Respectfully submitted,


                                              By:_____/s/ Michael S. Greenberg____
                                                     Michael S. Greenberg


                                              By:_____/s/ Richard D. Shively_____
                                                     Richard D. Shively

                                              Attorneys for Defendants and Counter-Claimants
                                              MATSON TERMINALS, INC., and MATSON
                                              NAVIGATION COMPANY, INC.