Ray L. Wong (SBN 84193)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
E-mail:rlwong@duanemorris.com
Phone: 415-957-3149
Fax: 415-520-6907

Lewis R. Olshin (Admitted Pro Hac Vice)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
E-mail:olshin@duanemorris.com
Phone: 215-979-1129
Fax: 215-689-3622

Attorneys for Plaintiff
CENTURY INDEMNITY COMPANY, as successor to
CCI INSURANCE COMPANY, as successor to
INSURANCE COMPANY OF NORTH AMERICA

# IN THE UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MATSON TERMINALS, INC., AND MATSON NAVIGATION COMPANY, INC.,<br><br>Defendant. | Case No.: 14-CV-01972<br><br>**CENTURY'S ANSWER AND AFFIRMATIVE DEFENSES TO MATSON'S COUNTERCLAIM**<br><br><u>**DEMAND FOR JURY TRIAL**</u><br><br>Judge: Magistrate Laurel Beeler<br>Complaint Filed: April 29, 2014 |

Plaintiff Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), hereby answers the counterclaim ("Counterclaim") of Defendants Matson Terminals, Inc. and Matson Navigation Company, Inc., (hereinafter "Matson") and asserts its affirmative defenses as follows:

## NATURE OF THIS ACTION

1. Denied. Paragraph 1 refers to a writing which speaks for itself. Century denies all allegations relating to any alleged "breaches and/or anticipatory breaches of its contractual obligations to provide liability coverage to Matson" and incorporates by reference the allegations of Century's Complaint seeking a declaratory judgment.

## JURISDICTION AND VENUE

2. Admitted.

3. Denied. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

4. Admitted in part; denied in part. Century admits only that Matson is a Hawaii corporation, with its principal place of business located at 555 12th Street, Oakland, California 94607. At the time the policy at issue was negotiated and issued, Matson was a California corporation with its headquarters and principal place of business in San Francisco, California. Except as so admitted, Century lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Counterclaim, and therefore denies the remaining allegations in paragraph 4 on that basis.

5. Admitted.

## GENERAL ALLEGATIONS

6. Admitted in part; denied in part. Century admits only that INA issued an Excess Workman's Compensation and Employers' Liability Policy to Matson with effective dates of January 1, 1980 to January 1, 1981. A true and correct copy of the Excess Policy is attached to Century's Complaint as Exhibit A. Except as so admitted, Century lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Counterclaim, and therefore denies the remaining allegations of paragraph 6 on that basis.

7.      Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Counterclaim, and therefore denies the allegations of paragraph 7 on that basis.

8.      Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Counterclaim, and therefore denies the allegations of paragraph 8 on that basis.

9.      Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Counterclaim, and therefore denies the allegations of paragraph 9 on that basis.

10.     Admitted in part; denied in part. Century admits only that the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. ("LHWCA") is a federal workers compensation system for employees disabled in the course of maritime employment. The remaining allegations on paragraph 10 contain conclusions of law to which no response is required.

11.     Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Counterclaim, and therefore denies the allegations of paragraph 11 on that basis.

12.     Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Counterclaim, and therefore denies the allegations of paragraph 12 on that basis.

13.     Denied. The provisions of the Special Fund are set forth in the LHWCA and are governed by that statute. To the extent that the Counterclaim alleges facts or legal conclusions inconsistent with the provisions of the LHWCA, those allegations are denied.

14.     Denied.

15.     Denied. Assessments under the Special Fund at all times relevant to Century's Complaint and Matson's Counterclaim are governed by the provisions of the LHWCA and all allegations to the contrary are denied. By way of further response, as set forth in Century's Complaint, the assessment formula under the LHWCA has changed over time as follows:

    a.  Until 1972, the Special Fund was financed through: (1) payments by employers or

insurance carriers in death cases where there was no eligible survivor; (2) fines and penalties levied under the LHWCA; and (3) investment income on the unused balance of the Special Fund.

    b. In 1972, to increase the revenue of the Special Fund, Congress instituted an annual assessment which was to be paid by self-insured employers—or insurance companies, where an employer was not self-insured—to the Department of Labor. As applicable for the policy years relevant here, each carrier's or self-insurer's assessment was calculated based upon its share of direct indemnity and medical payments paid in the prior year divided by the total of direct indemnity and medical payments made by all payers under the Act during the preceding calendar year, multiplied by the amount projected to be needed by the Fund for the current calendar year.

    c. The Special Fund Assessments are administrative charges calculated pursuant to a formula.

    d. Prior to 1984, the formula did not take into account the number of disabled employees receiving benefits from the Special Fund that were associated with each employer.

    e. In 1984 Congress revised the formula used to determine an employer's Assessment under the Special Fund.

    f. After 1984 the formula for Special Fund Assessments is based on three factors: (1) the employer's share of workers' compensation payments in the preceding calendar year; (2) the share of Section 8(f) costs attributable to the employer during the preceding calendar year, and (3) the total needs of the Fund for the current calendar year. 33 U.S.C. § 944.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Century lacks knowledge or information sufficient to form a belief as to the truth of

3

the allegations set forth in paragraph 20 of the Counterclaim, and therefore denies the allegations of paragraph 20 on that basis.

23. 21. Admitted in part; denied in part. Century admits only that Matson sent letters, dated August 6, 2014 and August 30, 2013, which speak for themselves, and that Century responded to those letters. Except as so admitted, Century denies the remaining allegations of paragraph 21.

22. Admitted in part; denied in part. Century admits only that the Excess Policy does not provide coverage for Matson's special fund assessments to the Department of Labor, that Matson is not entitled to any reimbursement for such special fund assessment payments paid to the Department of Labor, and that consequently Century filed its Complaint seeking a declaratory judgment which is incorporated herein by reference. Except as so admitted, Century lacks knowledge or information sufficient to form a belief as to the truths of the remaining allegations set forth in paragraph 22 of the Counterclaim and therefore denies the allegations of paragraph 22 on that basis.

### FIRST COUNTERCLAIM
### BREACH OF CONTRACT

23. Century repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

24. Admitted in part; denied in part. Century admits only that the insurer listed in the Excess Policy is Insurance Company of North America, the insured listed in the Excess Policy is Matson Terminals, Inc. and Matson Navigation Company, and that Century filed its Complaint seeking a declaratory judgment which is incorporated herein by reference. Except as so admitted, Century lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations set forth in paragraph 24 of the Counterclaim, and therefore denies the remaining allegations of paragraph 24 on that basis.

25. Denied. The allegations set forth in paragraph 25 concern the Excess Policy, which is a written document that speaks for itself. All allegations to the contrary are denied.

26. Denied. The Excess Policy is a written document, a true and correct copy of which is attached to Century's Complaint as Exhibit A. All allegations to the contrary are denied. By way of further response, some or all of the Excess Policy was the product of negotiations between Century,

4

Matson's broker, and Matson's counsel.

27. Admitted in part; denied in part. It is admitted only that Matson paid the premium for the Excess Policy. The remaining allegations of paragraph 27 are denied and in further response Century incorporates by reference its Complaint seeking a declaratory judgment.

28. Denied.

29. Denied.

## SECOND COUNTERCLAIM
## DECLARATORY RELIEF

30. Century repeats and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

31. Denied.

32. Denied. Paragraph 32 does not allege any facts to which a response is required. To the extent that paragraph 32 does allege facts, Century lacks knowledge or information sufficient to form a belief as to Matson's intentions regarding its Counterclaim. By way of further response Century incorporates by reference its Complaint for declaratory judgment.

33. The allegations in paragraph 33 concern the Century's Complaint for declaratory judgment, which is a written document that speaks for itself.

34. Paragraph 34 asserts legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Matson's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Matson's Counterclaim is barred, in whole or in part, by waiver.

### THIRD AFFIRMATIVE DEFENSE

Matson's Counterclaim is barred, in whole or in part, by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Matson's Counterclaim is barred, in whole or in part, by unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by laches.

**SIXTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by consent.

**SEVENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by release.

**EIGHTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by ratification.

**NINTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, 343, and/or 361, and similar applicable laws of any other state.

**TENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by the express terms and provisions of the Excess Policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by Matson's failure to satisfy a condition precedent to coverage under the Excess Policy.

**TWELFTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, because any harm or damages alleged by Matson were not caused by any act, omission, or breach of duty by Century.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by Matson's failure to properly and timely notify Century of the events, occurrences, or claims including, but not limited to, the alleged injuries and claims of the former Matson employees referenced in paragraph 7 of the Counterclaim, for which Matson seeks recovery in the Counterclaim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by Matson's failure to cooperate with

Century.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, because the amounts for which Matson seeks recovery do not constitute loss or excess loss under the Excess Policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, because the amounts for which Matson seeks recovery do not exceed the self-insured retention amount of $250,000.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, because the amounts for which Matson seeks recovery do not constitute "compensation and other benefits required of the Insured by the workers' compensation law."

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, because the amounts for which Matson seeks recovery do not constitute "ultimate net loss" under the Excess Policy.

**NINETEENTH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, because Matson has suffered no damages caused by or attributable to Century.

**TWENTIETH AFFIRMATIVE DEFENSE**

Matson's Counterclaim is barred, in whole or in part, by Matson's failure to mitigate its alleged damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Century reserves the right to assert any other defenses that may be or become available during these proceedings, as discovery proceeds, at trial, or otherwise in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Century respectfully requests that the Court enter judgment in Century's favor and against Matson, dismissing the Counterclaim with prejudice, and award Century costs, reasonable attorney's fees, and any other relief the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: November 13, 2014 | Respectfully submitted, |
| 2 | | **Duane Morris LLP** |
| 3 | | |
| 4 | | By: */s/Ray L. Wong* |
| | | Ray L. Wong |
| 5 | | Lewis R. Olshin (Admitted Pro Hac) |
| | | Attorneys for Plaintiff |
| 6 | | CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA |