UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA,<br><br>Plaintiff and Cross-Defendant,<br><br>v.<br><br>MATSON TERMINALS, INC., and MATSON NAVIGATION COMPANY, INC.,<br><br>Defendants and Cross-Claimants.<br>_____/ | No. 3:14-cv-01972-LB<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION UNDER CIVIL LOCAL RULE 7-9<br><br>[ECF. NO. 63] |

**INTRODUCTION**

The parties disagree about whether Century Indemnity Company must indemnify Matson under an excess-coverage policy. The policy requires Century to reimburse Matson for amounts Matson pays "because of" benefits it was "required" to pay "by the worker's compensation law." (Policy, ECF No. 39-1 at 4.[1]) The court previously granted Matson's motion for partial summary judgment, holding that the Century policy covers Part B assessments that Matson paid into a statutorily created Special Fund that covers a "subset" of compensable injuries. (5/12/15 Order, ECF No. 62 at 1-2, 24-

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of pages.

ORDER (No. 3:14-cv-0972-LB)

25.) Century then filed a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9. (Motion, ECF No. 63.) The court denies the motion.

## GOVERNING STANDARD

Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[2] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual" circumstances when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

---

[2] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

ORDER (No. 3:14-cv-0972-LB)            2

# ANALYSIS

## I. DISCOVERY INTO COURSE-OF-PERFORMANCE EVIDENCE

Century first argues that it should have been allowed to take more discovery into course-of-performance evidence in the form of Matson's 30-year failure to request coverage. (Motion, ECF No. 63 at 4.) It notes that there is no evidence in the record that supports Matson's argument at the hearing that it could not track Special Fund assessments, and it points to a 2002 email chain between Matson's claims adjusters to support its argument that Matson knew about the potential claim for Special Fund assessments. (*Id.* at 5.)

First, the course-of-performance analysis was secondary. The primary holding was that the contract's plain language covered the Part B assessments. (5/12/15 Order, ECF No. 62 at 8-13.)

Second, the course-of-performance analysis was only one part of the supplemental analysis on ambiguity. The "tracking systems" point was a negligible part of the analysis. And the court resolved the issue in neither party's favor. (*Id.* at 18.) The court understands that Century's point is that it did not have the evidence it needed to have this sub-sub-issue resolved in its favor. But the court's holding was that *AIU v. Superior Court of Santa Clara Cnty.*, 51 Cal. 3d 807 (1990), compelled the conclusion that covering the Part B assessments was within Matson's "reasonable expectations" at the time of contracting." (*Id.*)

## II. PREJUDICE

Century also argues that the court improperly concluded that it was not prejudiced because it could pay in depreciated dollars. That was a passing point, but the court thinks it right: as Matson points out, it paid the earliest losses with 1980 dollars, and Century will reimburse the losses on a one-to-one basis with depreciated 2015 dollars. (Response, ECF No. 64 at 5.)

Second, the "prejudice" point is separate from and does not depend on the course-of-performance evidence that Century says that it was barred from developing. The court did not preclude Century from discovering, and presenting evidence of, prejudice from Matson's delay. (5/12/15 Order, ECF No. 62 at 19-20.)

## III. REASONABLE EXPECTATIONS

Century complains that the court could not reach the holding that it did under *AIU* – that it would have been within Matson's reasonable expectation that subsequently expanded liabilities would be covered "so long as" (*see AIU*, 51 Cal. 3d at 822 n.8) those were liabilities that workers-compensation law required Matson to pay – because Matson never actually out-and-out said that this was its expectation at the time of contracting. (Motion, ECF No. 63 at 7.) The court thinks it is safely implied by Matson's summary-judgment argument that Matson argues that coverage for the subsequently expanded Part B assessments was within its intent and expectation at the time of contracting. And again, the holding (as the court said expressly) flows from the rule in *AIU*. (5/12/15 Order, ECF No. 62 at 14-16.)

## IV. THE DISCOVERY LANDSCAPE

Century had substantial discovery before the court's ruling. This discovery was sufficient to evaluate the sub-issue of course-of-performance evidence in a supplemental, alternative analysis about the interpretation of the policy and whether it covered the subsequent statutory liability. The court also thinks Matson's point about Rule 56(d) and Century's strategic choices are fair ones. (Response, ECF No. 64 at 2-3.)

\* \* \*

In sum, Century does not show a reason under Local Rule 7-9(b) that justifies the court's reconsideration of its decision.

## CONCLUSION

The court denies Century's motion for leave to file a motion for reconsideration under Civil Local Rule 7-9(b). This disposes of ECF No. 63.

**IT IS SO ORDERED**.

Dated: July 20, 2015

LAUREL BEELER
United States Magistrate Judge